UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TONY EVANS | CIVIL ACTION NO. 6:19-cv-01485 |
| VERSUS | JUDGE JUNEAU |
| FLORA THOMAS, ET AL. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Currently pending is the plaintiff's motion to compel discovery responses. (Rec. Doc. 22). The motion is opposed. (Rec. Doc. 27). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is granted in part and denied in part as premature without prejudice to the right of the plaintiff to reurge the motion after receipt of a satisfactory privilege log.

**BACKGROUND**

The plaintiff, Tony Evans, claims that he was injured in an August 2018 motor vehicle accident when Flora Thomas drove her vehicle into the travel lane that his vehicle was already occupying. The remaining claim is the plaintiff's claim against Geico Casualty Company, which allegedly provided uninsured/underinsured motorist ("UM") coverage for the plaintiff's vehicle. The plaintiff contends that Geico failed to adjust the claim in a timely fashion and is consequently liable not only for his damages sustained in the incident but also for statutory penalties. The

plaintiff propounded written discovery requests on Geico and now seeks more complete responses to the discovery.

## The Discovery Requests

The plaintiff argued that the defendant's responses to the following interrogatories and requests for production are incomplete or insufficient.

**Interrogatory No. 2:**

Please identify every document used by you to answer these Interrogatories.

**Interrogatory No. 14:**

From your first notice of the accident to the current date, please identify and describe in chronological order your investigation and evaluation of Petitioner's claims, specifying every activity performed or undertaken, the date of each activity, and the persons, or business organizations or entities who performed each activity.

**Interrogatory No. 16:**

Identify and describe your analysis, evaluation, calculation, and decision regarding the amounts of each payment and tender listed in your answer to the preceding Interrogatory and identify all persons and documents which support your response to this Interrogatory.

**Request for Production No. 1:**

Please produce all documents identified in answer to Interrogatory No. 2.

**Request for Production No. 8:**

Please produce all documents identified in answer to Interrogatory No. 14.

**Request for Production No. 9:**

Please produce all documents identified in answer to Interrogatory No. 15.

**Request for Production No. 10:**

Please produce all documents identified in answer to Interrogatory No. 16.

**Request for Production No. 20:**

Produce the documents which are entire, unprivileged claim file, adjuster file, supervisor file, or other files in your custody or control regarding the claims of Tony Evans.

**Request for Production No. 21:**

Produce a privileged document log regarding any documents withheld by you from the production requested in the preceding request for production.

## The Defendant's Responses

In general terms, the defendant objected to the interrogatories and requests for production on the following bases:

- that they are overly broad, vague, and burdensome;
- that they are premature since discovery and investigation are ongoing;
- that the defendant should not be required to produce the entire claims file;

- that any documents postdating the receipt of notice on September 26, 2018 that the plaintiff was represented by counsel constitute attorney work product prepared in anticipation of litigation and are therefore privileged;

- that the requested documents contain legal conclusions and mental impressions of legal counsel and are therefore privileged;

- that the requested information is subject to the attorney-client privilege.

## **The Applicable Law**

Rule 26(b)(1) of the Federal Rule of Civil Procedure states that

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

A party may withhold otherwise discoverable information on the basis of privilege. When a party claims privilege or otherwise seeks to protect trial-preparation materials, he must expressly make the claim and, in a privilege log, must "describe the nature of the documents, communications, or tangible things not produced or

disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[1]

> The standard for testing the adequacy of a privilege log is whether, as to each document, the entry sets forth facts that would suffice to establish each element of the privilege or immunity that is claimed. The focus is on the specific descriptive portion of the log, and not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be discharged by mere conclusory assertions.[2]

In the Middle District of Louisiana, a local court rule mandates that a "privilege log should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery."[3]

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[4] Nevertheless, discovery

---

[1] Fed.R.Civ.P. 26(b)(5)(A).

[2] *Chemtech Royalty Assocs., L.P. v. U.S.*, No. 07-405, 2009 WL 854358, at *3 (M.D. La. Mar. 30, 2009) (internal quotation marks omitted; citations omitted).

[3] *Estate of Manship v. United States*, 236 F.R.D. 291, 296 n. 4 (M.D. La. 2006), partially vacated on other grounds by 237 F.R.D. 141 (M.D. La. 2006). See, also, L.R. 26(c) of the United States District Court for the Middle District of Louisiana.

[4] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

does have "ultimate and necessary boundaries."[5] Further, it is well established that "control of discovery is committed to the sound discretion of the trial court"[6] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[7]

### **Production of the Claims File**

Geico argued that it should not be required to produce its entire claims file, relying upon the Louisiana Supreme Court's holding that "[b]lanket production of the attorney's and insurer's files is not permitted."[8] Geico failed to note that the Louisiana Supreme Court subsequently held that, while blanket production of such a file is not discoverable, "the file may contain material that is discoverable, material that is privileged and material that while privileged, may be subject to discovery if the plaintiff can show prejudice, undue hardship, or injustice by the denial of production."[9] Furthermore, the "reasonableness of the insurers' actions in a bad faith case can be proved by objective facts, which are not shielded from discovery and do

---

[5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[6] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[7] *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

[8] *Broussard v. State Farm Mut. Auto. Ins. Co.*, 519 So.2d 136 (La. 1988)

[9] *Lewis v. Warner*, 639 So.2d 1182 (La. 1994). See, also, *Stelly v. Mouret*, 609 So.2d 827, 828 (La. 1992).

not necessarily require the introduction of privileged communications at trial."[10] To the extent any such factual material is in the claims file, it is discoverable. Moreover, the plaintiff did not request production of the entire claims file. The plaintiff requested the production of the entire *unprivileged* claims file.[11] Therefore, Geico's objection is meritless, and it will be ordered to supplement its responses to Request for Production No. 20 and any other discovery request to which an incomplete response was provided based on this objection.

## **The Privilege Log**

Despite its obligation to comply with Rule 26(b)(5)(A), Geico did not produce a privilege log until after the motion to compel was filed.[12] Geico also objected to the plaintiff's request that it produce a privilege log.[13] When Geico provided the plaintiff with a privilege log,[14] the log was insufficient.

Because the purpose of a privilege log is to provide the parties and the court with enough information to determine whether a document is privileged, a privilege log must typically identify each document and provide basic information, including

---

[10] *Dixie Mill Supply Co., Inc. v. Continental Cas. Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996).

[11] Rec. Doc. 22-5 at 8.

[12] Rec. Doc. 29 at 2.

[13] Rec. Doc. 22-10 at 16.

[14] Rec. Doc. 28.

7

the author, recipient, date and general nature of the document.[15] Geico's log does not identify the authors or recipients of the listed documents nor does it provide sufficient information regarding the nature or content of the listed documents.

Sixteen entries on the log are for "ISO Report." Geico indicated that these documents were subject to the "work product privilege." The work product doctrine shields materials prepared by or for an attorney in preparation for litigation but does not protect the underlying facts.[16] However, the work product doctrine does not protect from production all materials prepared by a lawyer.[17] For example, the work product doctrine does not protect from discovery documents that were prepared in the ordinary course of business.[18] Furthermore, Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

---

[15] See, e.g., *Dickie Brennan & Company, Inc. v. Lexington Insurance Company*, No. 09-3866, 2010 WL 11538482, at *2 (E.D. La. Mar. 12, 2010).

[16] *Louisiana Crawfish Producers Association-West v. Amerada Hess Corporation*, No. 10-CV-348, 2012 WL 12929909, at *3 (W.D. La. Sept. 26, 2012).

[17] *Hunter v. GEICO General Insurance Company*, No. 17-05070, 2018 WL 4352823, at *14 (E.D. La. Sept. 12, 2018)

[18] *Hunter v. GEICO General Insurance Company*, 2018 WL 4352823, at *14 (citing *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982)).

> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

The mere fact that a document was prepared after litigation was commenced is insufficient to prove that the document was prepared in anticipation of litigation,[19] and the burden of showing that documents constitute work product falls on the party seeking to protect the documents from discovery.[20] To prove that a document was prepared in anticipation of litigation or for trial, Geico must provide evidence that the primary motivating purpose behind the creation of the document was to aid in possible future litigation or for trial.[21] The jurisprudence is replete with cases in which the proponent of a privilege has been required to show by affidavit or another form of competent evidence the precise facts supporting the privilege claim.[22]

---

[19] See, e.g., *Shields v. Boys Town Louisiana, Inc.*, No. 15-3243, 2016 WL 1298986, at *2 (E.D. La. Apr. 4, 2016) (citing *Robinson v. Texas Auto. Dealers Ass'n*, 214 F.R.D. 432, 449 (E.D. Tex. 2003).

[20] *St. James Stevedoring Co., Inc. v. Femco Machine Co.*, 173 F.R.D. 431, 432-33 (E.D. La. 1997).

[21] *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (citing *United States v. El Paso Co.*, 682 F.2d at 542).

[22] See, e.g., *Berenson v. Administrators of Tulane University Educational Fund*, No. 17-329, 2017 WL 6372831, at *4 (E.D. La. Dec. 13, 2017); *Benson v. Rosenthal*, No. 15-782, 2016 WL 11678602, at *4 (E.D. La. Apr. 4, 2016); *Marquette Transportation Company, LLC v. M/V CENTURY DREAM*, No. 16-522, 2016 WL 11686640, at *2 (E.D. La. Dec. 13, 2016); *Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Services, Inc.*, 120 F.R.D. 504, 510 (W.D. La. 1988).

In this case, however, Geico made no effort to establish that the various "ISO Reports" satisfy the requirements for this privilege. This Court has no idea what the letters "ISO" stand for or what an "ISO report" is. Therefore, sixteen of the entries on Geico's privilege log do not sufficiently describe the documents so that a judgment can be made concerning whether the documents are privileged.

One of the entries on the log is for 57 pages of "Adjuster Log Notes." Geico indicated that these materials are work product and prepared in anticipation of litigation. Without a better understanding of the subject of the adjuster's notes, this Court cannot determine whether these notes are privileged or not. At a minimum, the privilege log must identify the author and recipients of each listed document and describe with some particularity the subject matter of the documents. The listing regarding "Adjuster Log Notes" is unsatisfactory.

One entry on the log is for three pages of "litigation materials." Geico indicated that these materials are subject to the attorney-client privilege, the work product privilege, and were prepared in anticipation of litigation. The term "litigation materials" is too vague to support a determination as to whether this document is privileged.

The rest of the listed documents are designated either as "attorney correspondence from Geico" or "attorney correspondence to Geico." Not all correspondence from an attorney to his client or from a client to his counsel is subject

to the attorney-client privilege. The attorney-client privilege protects only those disclosures necessary to obtain informed legal advice that might not have been made absent the privilege.[23] Only communications made "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding" are privileged.[24] Therefore, the privilege does not protect documents and other communications simply because they result from an attorney-client relationship.[25] The proponent of a claim of attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice.[26] Geico made no effort to show that listed documents satisfy these criteria, and this Court cannot determine – without more information – whether these documents are shielded from production by the attorney-client privilege. Therefore, these documents were insufficiently described on the log, and the privilege log is unsatisfactory.

---

[23] *Fisher v. United States*, 425 U.S. 391, 403 (1976).

[24] *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985).

[25] *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004).

[26] *Storer v. Crown Cork & Seal Company*, No. 14-2488, 2017 WL 424890, at *5 (W.D. La. Jan. 31, 2017).

To be of any value, the privilege log should list the author of the document, all of the recipients of the document, the date of the document, and a description of the contents of the document.  Because Geico failed to provide this information in its privilege log, neither the plaintiff nor this Court can evaluate the applicability of any of the claimed privileges.  Therefore the privilege log is unsatisfactory. Furthermore, no affidavit or other evidence supporting the privilege log was submitted by Geico.

Until Geico has given the plaintiff an appropriate privilege log, this Court cannot determine whether the plaintiff's motion to compel should be granted with regard to the areas of inquiry as to which Geico asserted a privilege.  Out of an abundance of caution, however, this Court will require Geico to both (a) supplement its responses to the relevant discovery requests in accordance with all applicable legal principles and (b) provide the plaintiff with a satisfactory privilege log. Additionally, Geico will be required to have the answers to the plaintiff's interrogatories verified in accordance with Fed. R. Civ. P. 33

### C.   Expenses and Attorneys' Fees

The plaintiff seeks to recover reasonable expenses and attorneys' fees incurred in the preparation and filing of his motion to compel.  The court must award fees and costs if the motion is granted or if the requested discovery responses are

provided after the motion is filed.[27]  However, the court is not required to award fees and expenses if other circumstances make an award of expenses unjust.[28]  Here, this Court has decided to grant the motion with regard to Geico's claims file but to deny the motion to compel in all other respects pending the production of an appropriate privilege log.  A further review of the sufficiency of the discovery responses will be required after the privilege log is provided.  Therefore, no attorneys' fees or expenses will be awarded in connection with the plaintiff's motion to compel at this time.  However, the plaintiff's right to reurge its motion to compel will be preserved, and the plaintiff will have the right to seek attorneys' fees and expenses should another motion to compel be filed.

## Caution

This Court is aware of the decision rendered in *Hunter v. Geico General Insurance Company*, No. 17-05070, 2018 WL 4352823 (E.D. La. Sept. 12, 2018).  Geico is cautioned that the conduct exhibited by its counsel in that case will not be tolerated by this Court.  Geico's counsel is cautioned to conduct themselves in accordance with the Louisiana Bar Association's Code of Professionalism as this litigation progresses.

---

[27]   Fed. R. Civ. P. 37(a)(5)(A).

[28]   Fed. R. Civ. P. 37(a)(5)(A)(iii).

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion to compel (Rec. Doc. 22) is granted in part and denied in part as premature without prejudice to the right of the plaintiff to reurge the motion after review of an appropriate privilege log.

IT IS FURTHER ORDERED that the defendant shall, not more than fourteen days after the date of this order, supplement its responses to Interrogatory Nos. 2, 14, and 16 and Requests for Production Nos. 1, 8, 9, 10, 20, and 21, with verification, and shall provide the plaintiff with a new privilege log that satisfies the requirements of Fed. R. Civ. P. 26(b)(5)(A).

IT IS FURTHER ORDERED that the oral argument, which was previously scheduled for October 8, 2020, is CANCELLED.

Signed at Lafayette, Louisiana, this 1st day of October 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE