UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TONY EVANS | CIVIL ACTION NO. 6:19-cv-01485 |
| VERSUS | JUDGE JUNEAU |
| FLORA THOMAS, ET AL. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Currently pending is the defendant's motion for leave to propound additional interrogatories. (Rec. Doc. 37). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

**Background**

The plaintiff, Tony Evans, claims that he was injured in an August 2018 motor vehicle accident when Flora Thomas allegedly drove her vehicle into the travel lane that his vehicle was already occupying. Mr. Evans resolved his claims against Ms. Thomas and her insurer, but has a remaining claim against Geico Casualty Company, his uninsured/underinsured motorist ("UM") insurance carrier. Mr. Evans contends that Geico failed to adjust the claim in a timely fashion and is consequently liable not only for the damages he sustained in the incident but also for statutory penalties, including attorneys' fees. The plaintiff propounded written discovery requests on

Geico and now seeks permission to propound an additional twenty-five interrogatories. Mr. Evans objected to that request.

## Law and Analysis

Rule 26(b)(1) of the Federal Rule of Civil Procedure states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.[1] Nevertheless, discovery does have "ultimate and necessary boundaries."[2] Further, it is well established that "control of discovery is committed to the sound discretion of the trial court"[3] and a "trial court enjoys wide discretion in determining the scope and effect of discovery."[4]

Fed. R. Civ. P. 33 limits each party to propounding no more than twenty-five written interrogatories (including subparts), although leave may be granted to expand that number. In this case, Geico originally propounded thirty-four

---

[1] *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[2] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

[3] *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382 (5th Cir. 1987)).

[4] *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)).

interrogatories (not counting the subparts). Mr. Evans represented in his briefing that he responded to the discovery requests and produced more than three hundred pages of documents. (Rec. Doc. 40 at 2).

Geico argued that it should be allowed to propound additional interrogatories because the plaintiff's amended complaint first put it on "appropriate" notice of the plaintiff's attorneys' fee claim. (Rec. Doc. 37-1 at 4). That is simply not the case. The plaintiff's original petition asserted a claim against Geico, expressly alleged that Geico had violated La. R.S. 22:1892 and La. R.S. 22:1973, and stated that Mr. Evans was seeking to recover interest, penalties, and reasonable attorneys' fees. (Rec. Doc. 1-2 at 4-5). While the amended complaint (Rec. Doc. 36) set forth more detailed allegations supporting the claim against Geico, this Court finds that the original petition sufficiently notified Geico of the nature of the claim against it and the nature of the damages sought to be recovered in connection with that claim.

Mr. Evans objected to proposed Supplemental Interrogatory Nos. 1 through 12 on the basis that they are duplicative of Original Interrogatory No. 32 (a) through (j). Rule 26(b)(2)(C) permits the court, in response to a motion or on its own, to limit discovery that is unreasonably cumulative or duplicative. Interrogatory No. 32 generally sought information concerning Mr. Evans's UM claim and his claim for attorneys' fees. This Court's review of the original and proposed discovery revealed

that that proposed Supplemental Interrogatory Nos. 1 through 9 duplicate Original Interrogatory No. 32. Therefore, these proposed interrogatories will not be allowed.

Proposed Supplemental Interrogatory Nos. 10 through 14 seek information related to cases handled by Mr. Evans's counsel for clients other than Mr. Evans and the rates that he charges them. Mr. Evans objected to proposed Supplemental Interrogatory Nos. 13 and 14 on the basis that they are irrelevant and seek to intrude on the plaintiff's counsel's attorney-client relationship with other clients. This Court finds that the information sought in proposed Interrogatory Nos. 10 through 14 is irrelevant to the issues presented in this lawsuit. Therefore, these proposed interrogatories will not be allowed.

There is no proposed Supplemental Interrogatory No. 15.

Geico argued that the plaintiff's amended complaint "expounded" his bad faith claims, necessitating an exploration of "the hours expended by opposing counsel litigating this case, the fees associated with same, and other specifically tailored questions designed to help interpret and establish the reasonable attorney fees to be claimed in this matter." (Rec. Doc. 37-1 at 3). Proposed Supplemental Interrogatory Nos. 16 through 25 all relate to the reasonableness of the attorneys' fees likely to be charged by Mr. Evans's counsel for representing him in this matter.

Mr. Evans objected to proposed Supplemental Interrogatory Nos. 16 and 17 on the basis that they are "nonsensical." These interrogatories essentially request

4

the billing records of Mr. Evans's counsel. Mr. Evans argued that proposed Supplemental Interrogatory Nos. 18, 21, 22, and 25 – which seek information regarding Mr. Evans's fee agreement with his counsel and his counsel's fees – are relevant only if it is ultimately decided that Geico violated the statutes regarding adjustment of claims and is liable to Mr. Evans attorneys' fees. These proposed interrogatories are all geared toward determining whether Mr. Evans's counsel's fees for representing him in this matter are reasonable. Mr. Evans objected to proposed Supplemental Interrogatory Nos. 19 and 20 on the basis that they are "nonsensical." Those proposed interrogatories address the amount of skill needed to represent Mr. Evans in this lawsuit and the amount of risk presented by the case. Thus, they again seek information that might be germane to the reasonableness of the fees charged by Mr. Evans's counsel. Mr. Evans objected to proposed Supplemental Interrogatory No. 23 on the basis that it is "nonsensical" and seeks to invade the attorney-client relationship. This proposed interrogatory seeks information related to the scope of work agreed upon between Mr. Evans and his counsel. As such, it too may be germane to the reasonableness of his counsel's fees. Mr. Evans objected to proposed Supplemental Interrogatory No. 24 on the basis that it is "harassing" and seeks to invade the attorney-client relationship. This proposed interrogatory requested information regarding the nature and length of the attorney-client relationship between Mr. Evans and his counsel. The information sought

might be germane to the reasonableness of the attorneys' fees being charged by Mr. Evans's counsel, but this interrogatory is not in any way "harassing."

The "standard practice" is for the reasonableness of attorneys' fees to be evaluated only after it has been determined that attorneys' fees are owed by one party to another.[5] No such determination has yet been made in this case. Accordingly, this Court finds that proposed Supplemental Interrogatory Nos. 16 through 25 are premature and therefore not proportional to the needs of the case at this time. These proposed interrogatories will not be allowed.

In sum, the proposed supplemental interrogatories are either duplicative of discovery requests previously propounded or relevant only to an issue that is neither ripe nor yet before this Court. Accordingly,

IT IS ORDERED that Geico's motion for leave to propound additional interrogatories (Rec. Doc. 37) is DENIED.

Signed at Lafayette, Louisiana, this 13th day of January 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[5] *Jackson v. Berkshire Hathaway Global Insurance Services*, No. 18-cv-1146, 2020 WL 2803014, *8 (W.D. La. May 28, 2020). This Court notes that this case has been appealed; however, the basis for the appeal is unknown.