UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TONY EVANS                          CIVIL ACTION NO. 6:19-cv-01485

VERSUS                              JUDGE JUNEAU

FLORA THOMAS, ET AL.                MAGISTRATE JUDGE HANNA

## MEMORANDUM RULING

Currently pending is the plaintiff's motion to compel discovery responses. (Rec. Doc. 41). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

## BACKGROUND

The plaintiff, Tony Evans, claims that he was injured in an August 2018 motor vehicle accident when Flora Thomas allegedly drove her vehicle into the travel lane that his vehicle was already occupying. Mr. Evans resolved his claims against Ms. Thomas and her insurer, but has a remaining claim against Geico Casualty Company, his uninsured/underinsured motorist ("UM") insurance carrier. Mr. Evans contends that Geico failed to adjust the claim in a timely fashion and is consequently liable not only for the damages he sustained in the incident but also for statutory penalties, including attorneys' fees. The plaintiff propounded written discovery requests on Geico. In an earlier motion (Rec. Doc. 22), the plaintiff sought more complete

responses to the discovery, and this Court granted the motion in part and denied it in part.  (Rec. Doc. 30).  Geico was ordered to supplement some of its discovery responses and to produce another privilege log.  In response to the order, Geico supplemented its responses and produced an updated privilege log.  However, the plaintiff remains unsatisfied with Geico's responses.

**<u>The Disputed Discovery Requests</u>**

The discovery requests remaining in dispute are:

**<u>Interrogatory No. 14</u>:**

From your first notice of the accident to the current date, please identify and describe in chronological order your investigation and evaluation of Petitioner's claims, specifying every activity performed or undertaken, the date of each activity, and the persons, or business organizations or entities who performed each activity.

**<u>Interrogatory No. 16</u>:**

Identify and describe your analysis, evaluation, calculation, and decision regarding the amounts of each payment and tender listed in your answer to the preceding Interrogatory and identify all persons and documents which support your response to this Interrogatory.

**<u>Request for Production No. 8</u>:**

Please produce all documents identified in answer to Interrogatory No. 14.

**Request for Production No. 9:**

Please produce all documents identified in answer to Interrogatory No. 15.

**Request for Production No. 10:**

Please produce all documents identified in answer to Interrogatory No. 16.

### Law and Analysis

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."  A party may withhold otherwise discoverable information on the basis of privilege.  When a party claims privilege or otherwise seeks to protect trial-preparation materials, however, he must expressly make the claim and, in a privilege log, must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[1]  Although the discovery rules are accorded a broad and liberal treatment,[2] discovery has "ultimate and necessary boundaries."[3]  It is well

---

[1]      Fed.R.Civ.P. 26(b)(5)(A).

[2]      *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

[3]      *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

established that a "trial court enjoys wide discretion in determining the scope and effect of discovery."[4]

The work product doctrine shields materials prepared by or for an attorney in preparation for litigation but does not protect the underlying facts.[5] Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and states that a party may not ordinarily discover documents prepared in anticipation of litigation or trial by the other party's attorney or insurer.

In Interrogatory No. 14, the plaintiff requested a specification of every activity Geico engaged in while investigating and evaluating the plaintiff's claim.  Geico responded with a chronological list of activities undertaken and payments made by Geico with regard to the plaintiff's claim.  This court is satisfied that Geico's response to Interrogatory No. 14 was sufficient.

In Interrogatory No. 16, the plaintiff requested Geico's "analysis, evaluation, calculation, and decision regarding the amounts of each payment and tender."  Geico explained that it evaluated the claim based on the plaintiff's medical records and bills it received and listed the payments it made, satisfying the inquiry regarding its

---

[4]     *Equal Employment Opportunity Commission v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sanders v. Shell Oil Co*., 678 F.2d 614, 618 (5th Cir. 1982)).

[5]     *Louisiana Crawfish Producers Association-West v. Amerada Hess Corporation*, No. 10-CV-348, 2012 WL 12929909, at *3 (W.D. La. Sept. 26, 2012).

decisions.  The request for Geico's "analysis, evaluation, [and] calculation" beyond the fact that its evaluation was based on the medical records and medical bills is a request for the Geico adjusters' mental impressions, which are privileged.  This Court therefore finds that Geico's response to Interrogatory No. 16 was sufficient.

It is undisputed that Geico supplemented its document production following the issuance of this Court's previous ruling.  Geico also updated its privilege log in accordance with the instructions from this Court.  The plaintiff complained, however, that the produced documents contain redactions and that the privilege log is not complete because it did not identify all of the adjusters that the plaintiff's counsel corresponded with or detail the contents of the 57-page document identified as Geico's "Adjuster Log Notes."  This Court finds that Geico's redactions are not extensive and that the updated privilege log sufficiently complied with this Court's instructions.

This Court reiterates its ruling that not all documents prepared by Geico after September 26, 2018 are privileged and reminds Geico that it is required to produce copies of all requested documents postdating September 26, 2018 that are not privileged.  This is an ongoing obligation.

The plaintiff seeks to recover reasonable expenses and attorneys' fees incurred in the preparation and filing of his motion to compel.  The court must award fees and costs if the motion is granted or if the requested discovery responses are

provided after the motion is filed.[6]  Because this Court is denying the plaintiff's motion, the plaintiff is not entitled to recover expenses or attorneys' fees.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion to compel (Rec. Doc. 41) is DENIED.

IT IS FURTHER ORDERED that the oral argument on the motion, which was previously scheduled for February 11, 2021, is CANCELLED.

Signed at Lafayette, Louisiana, this 13th day of January 2021.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

_____

[6]      Fed. R. Civ. P. 37(a)(5)(A).

6